FILED
JUN - 4 2009
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DUAN S. BRAXTON, )
 )
      Plaintiff, )
 )
v. ) Civil Action No. 09 1036
 )
UNITED STATES, *et al.*, )
 )
      Defendants. )

## MEMORANDUM OPINION

This matter is before the Court upon consideration of Plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. The application will be granted, and the complaint will be dismissed.

Plaintiff is an inmate who currently is incarcerated at the Clayton County Prison in Lovejoy, Georgia. He alleges that he "is . . . being held in violation of penal code 18, Chapter 77, of peonage, slavery and trafficking persons," Compl. at 1, and that he "is being transferred interstate for the purpose of ransom and reward," *id.* at 2. Among other relief, he demands "a restraining order against peonage, slavery and trafficking persons" and an award "for reparations for the amount of $2,000,000.00 after taxes." *Id.* at 2.

The Court will dismiss the complaint without prejudice under 28 U.S.C. § 1915A(b)(1). Insofar as plaintiff demands damages as compensation for the fact or duration of his confinement, his claim must fail. Plaintiff must first establish that his confinement has been invalidated by "revers[al] on direct appeal, expunge[ment] by executive order, declar[ation of invalidity] by a state tribunal authorized to make such determination, or . . . a federal court's

issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *accord White v. Bowie*, 194 F.3d 175 (D.C. Cir. 1999) (table).  Plaintiff has not satisfied the prerequisite and therefore fails to state a claim for damages.  He may pursue a challenge to the confinement itself in a petition for a writ of habeas corpus.

An Order consistent with this Memorandum Opinion will be issued separately on this same date.

/s/ Rosemary M. Collyer
United States District Judge

DATE: 27 May 2009